**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Megan Barrera, | No. CV-20-01344-PHX-SPL |
| Plaintiff, | **ORDER** |
| v. | |
| USAA Federal Savings Bank, | |
| Defendant. | |

Before the Court is Defendant's Motion to Transfer Venue to the United States District Court for the Western District of Texas Pursuant to 28 U.S.C. § 1404. (Doc. 9). For the reasons that follow, the Motion will be granted.

**I.     BACKGROUND**

Defendant is a federal chartered savings association with is principal place of business in San Antonio, Texas. (Doc. 9 at 3). Defendant has an office in Arizona but asserts that all its collection-related calls are made from its Texas office. (Doc. 9 at 3). Plaintiff resides in Texas. (Doc. 1 at 1). Plaintiff entered into a credit card agreement with Defendant, which included an arbitration agreement mandating that "any pre-existing, present, or future dispute, claim, or controversy that in any way arises out of or relates" to Plaintiff's "past, present, or future relationship" with Defendant "shall be resolved by arbitration." (Doc. 1); (Doc. 8-2).

On June 8, 2020, Plaintiff filed a Complaint in this Court alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Texas Fair Debt

Collection Practices Act, Tex. Fin. Code 392.303, and common law invasion of privacy. (Doc. 1 at 1-2). Plaintiff's claims arise from Defendant's alleged phone calls to collect a debt from her. (Doc. 1 at 2-4).

On August 5, 2020, Defendant simultaneously filed a Motion to Compel Arbitration and Dismiss or Stay the Action Pending Arbitration (Doc. 8) and a Motion to Change Venue/Transfer the Case (Doc. 9). On August 14, 2020, Plaintiff filed a Motion to Stay the Action Pending Arbitration (Doc. 11), in which she agrees to arbitration but requests that the Court stay the action pending the arbitration rather than dismiss it.

For the reasons set forth below, the Court will grant Defendant's Motion to Change Venue/Transfer the Case.

**II.     STANDARD OF REVIEW**

Section 1404(a) of the Judicial Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court may consider several factors in determining whether to transfer venue, including the extent of the parties' contacts with the forum, the contacts in the forum relating to the plaintiff's cause of action, the availability of non-party witnesses, and the accessibility of evidence. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Additionally, although the plaintiff's choice of forum is usually given great deference where the plaintiff has chosen her home state, this factor carries less weight where the chosen forum is not the plaintiff's home state, and carries even less weight where the parties' contacts with the chosen forum are limited. *See Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.").

## III. DISCUSSION

### a. Transfer to the Western District of Texas is proper.

Defendant argues, and Plaintiff does not dispute, that this action could have originally been brought in the Western District of Texas. (Doc. 9 at 4-5). This Court agrees. Accordingly, the Court focuses its analysis on whether the Western District of Texas is a more suitable venue for the case based on the convenience of the parties and the interest of justice. The Court finds there are several factors to support a finding that transfer of this case to the Western District of Texas is warranted.

Although Plaintiff has selected the District of Arizona as the venue for this action, because the parties' forum contacts are limited, her choice is entitled only to minimal consideration. It is undisputed that neither party is domiciled in Texas and, as such, both parties would face the burden of the costs associated with litigating this suit in a non-resident state. The parties dispute whether Defendant's conduct at issue in the litigation occurred in Texas or Arizona.[1] While Plaintiff states in her Complaint that, "on information and belief," Defendant's phone calls at issue in this case were made from Defendant's Arizona office, Defendant refutes this proposition and instead alleges in a Declaration of its Director, Michelle Deneen, that all of its collection calls originate in Texas. (Doc. 9-1). Plaintiff has not offered any evidence to show that the calls originated in Arizona. Thus, the Court will consider the cause of action related to Arizona tangentially at best.

Furthermore, "[t]he convenience of witnesses is said to be the most important factor" when considering a transfer motion. *F.T.C v. Wyndham Worldwide Corp.*, No. CV 12–1365–PHX–PGR, 2013 WL 1222491, at 3 (D. Ariz. 2013). Plaintiff does not identify any witnesses located in Arizona. Rather, Plaintiff asserts that Defendant "has not yet identified fact witnesses that are essential to its defense which are not located in Arizona,"

---

[1] *Compare* Doc. 9 at 7 (Defendant alleging that "none of the calls or communications giving rise to this case occurred in Arizona, but were made from Texas") *and* Doc. 9-1 at ¶ 5 (declaration of Defendant's Director stating that Defendant "makes collection-related calls from San Antonio, Texas") *with* Doc. 1 at ¶ 9 (Plaintiff alleging, "on information and belief," that Defendant's calls "originated at or were initiated, routed or masked as coming from [Defendant]'s call center(s) in Arizona") *and* Doc. 12 at 5 (Plaintiff alleging that "Defendant's systems used to call Plaintiff will need to be physically examined and those systems are located in this District").

precluding transfer. (Doc. 12 at 5). Such is not so. Although Defendant concedes that "it may use one witness from its Arizona office," Defendant has indicated that the remainder of its witnesses are located in Texas, including various employees and representatives. (Doc. 9 at 6, 8). Because both parties, and the majority of witnesses, all reside in Texas, this is not an instance where transferring venue will merely shift the cost of litigation from one party to another. The likely relative costs between the two venues tips in favor of transfer.

Plaintiff also has not alleged that any documents related to the litigation are located in Arizona. To the contrary, Defendant's Director has stated that Defendant's "business records that relate to this action are located in Texas, including, but not limited to, documents related to the alleged telephone calls at issue in the lawsuit and the underlying debt, Plaintiff's communications with [Defendant], the manner and means by which the calls were made, and [Defendant]'s policies and procedures." (Doc. 9-1 at ¶. 6). The Court is satisfied that most, if not all, physical evidence related to this case is located in Texas, making the Western District of Texas a more convenient venue. *See Bratton v. Schering-Plough Corp.*, No. CV07-0653-PHX-JAT, 2007 WL 2023482, at *5 (D. Ariz. July 12, 2007) (transferring a case from the District of Arizona to the "center of discovery").

Finally, Plaintiff's Complaint alleges a state law claim under Texas law. (Doc. 1 at 1-2). Defendant argues, and Plaintiff concedes, that Texas is more familiar with the governing law in this case. (Doc. 9 at 5-6); (Doc. 12 at 5-6). This Court agrees. Thus, this factor weighs in favor of transfer to Texas. *See Conte v. Ginsey Indus., Inc.*, 2012 WL 3095019, at 2 (D. Ariz. 2012) (considering "having a judge who is familiar with the applicable law try the case" as a factor favoring transfer) (internal citations omitted).

In sum, Defendant has sufficiently shown a "strong showing of inconvenience" in litigating this case in Arizona rather than Texas, and Plaintiff has failed to rebut this showing. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 2000).

### b. The Motion to Transfer is not mooted by the arbitration agreement.

Defendant's Motion to Transfer is not mooted by the arbitration agreement because the Western District of Texas will have discretion to stay the action pending arbitration. The parties do not dispute that all of Plaintiffs claims are subject to the arbitration agreement. (Doc. 11 at 2) ("At this time, Plaintiff is willing to submit her claims to arbitration. . . . Now, Plaintiff sees that the issues—as they currently stand—are probably encompassed by the arbitration agreement."). In fact, Plaintiff argues that the Motion to Transfer is moot because "Plaintiff has already agreed to arbitrate this case." (Doc. 12 at 4). However, Plaintiff has moved to stay the action pending the arbitration, rather than to dismiss it altogether. (Doc. 11) (opposing Defendant's Motion to Compel Arbitration "inasmuch as it seeks dismissal").

Section 3 of the Federal Arbitration Act provides that, where a dispute is subject to arbitration, the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Under Fifth Circuit law, in which the Western District of Texas is located, once a party has requested a stay the district court has discretion to grant the stay and retain jurisdiction pending the arbitration. *Griggs v. S.G.E. Mgmt., L.L.C*., 905 F.3d 835, 839 (5th Cir. 2018) ("Some circuits have held that district courts must stay a case when all claims are submitted to arbitration, but this circuit *allows* district courts to dismiss such claims outright." (emphasis added)); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("Because it determined that all of [Plaintiff]'s claims were subject to arbitration, the district court *acted within its discretion* when it dismissed this case with prejudice." (emphasis added)); *Steadfast Ins. Co. v. Frost Bank*, No. SA-17-CV-1222-XR, 2018 WL 3865415, at *2 (W.D. Tex. Aug. 14, 2018) ("[T]he Court will *exercise its discretion* to stay this case to preserve a forum for redress in the event that the arbitration fails to resolve the claims." (emphasis added)).

It would be improper for this Court to deny transfer as moot when the Western District of Texas, a more convenient forum, would have discretion stay the action and

retain jurisdiction pending the arbitration. This is particularly true where, as this Court has determined, the Western District of Texas bears a much greater relationship to the parties and the underlying facts of the case. Should this case be stayed pending arbitration, it should be stayed in Texas, where the court will retain jurisdiction to enforce arbitral subpoenas, to provide (if not otherwise available from the arbitral tribunal) and/or enforce interlocutory relief, and to eventually confirm or vacate an award issued in the arbitration.

Accordingly,

**IT IS ORDERED**:

1. That the Defendant's Motion (Doc. 9) is **granted**; and

2. That the Clerk of Court shall **transfer** this matter to the United States District Court for the Western District of Texas and terminate this case in the District of Arizona.

Dated this 2nd day of September, 2020.

Honorable Steven P. Logan
United States District Judge